IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:09cr65-MHT |
| ISAAC MILLER | ) | (WO) |

OPINION AND ORDER

This case is before the court on defendant Isaac Miller's motion to continue the trial now set for June 15, 2009. For the reasons set forth below, the motion will be granted.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within

>seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Miller in a speedy trial.  Miller recently filed a motion to dismiss contending that the Sex Offender Notification and Registration Act, which provides the basis for the sole count in the indictment, is unconstitutional. Additional time is required to allow the parties to complete briefing this matter, which may be dispositive of this case.  In addition, depending on how the motion to dismiss is resolved, the parties may require additional time to prepare for trial or negotiate an agreement after the motion is resolved. This court's decision to grant a continuance is buttressed by the fact that the government does not oppose the continuance.

    Accordingly, it is ORDERED as follows:

    (1)  Defendant Isaac Miller's motion for continuance (Doc. No. 23) is granted.

(2) The jury selection and trial, now set for June 15, 2009, are reset for September 21, 2009, at 10:00 a.m., at the G.W. Andrews Federal Building and Courthouse, 701 Avenue A, Opelika, Alabama.

DONE, this the 1st day of June, 2009.

                          /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**