IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09cr65-MHT |
| | ) | |
| ISAAC MILLER | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant Isaac Miller has filed a Motion to Dismiss Indictment (Doc. #21), and the United States has filed a Response (Doc. #25) and a subsequent Amended Response (Doc. #26). Based upon the Court's review of the Motion, Response, and applicable law, the undersigned Magistrate Judge RECOMMENDS that the Motion to Dismiss be DENIED.

**I.    BACKGROUND**

In a one-count Indictment (Doc. #12) filed on April 21, 2009, it was alleged that, between October 1, 2008, and March 31, 2009, Defendant, "being required to register under the Sex Offender Registration and Notification Act ["SORNA"], and having traveled in interstate commerce or foreign commerce, did knowingly fail to register and update a registration as required by" SORNA, 18 U.S.C. § 2250(a).

It appears Defendant's predicate conviction for SORNA purposes is a 1995 conviction for "indecent liberties with a child in Riley County, Kansas." Def.'s Mot. To Dis. (Doc. #21) at 32.  According to his Motion, on December 11, 1995, Defendant was sentenced to 130 months' imprisonment and was released from custody in Kansas on June 19, 2006. *Id.*

1

## II.     DEFENDANT'S CLAIMS

Defendant challenges the Indictment on six separate grounds: 1) "the enactment of 42 U.S.C. § 16913, which requires all sex offenders to register regardless of whether they travel in interstate commerce, is not a valid exercise of Congress' power under the Commerce Clause;" 2) "18 U.S.C. § 2250(a)(2)(A) violates the commerce clause by punishing purely local intrastate activity that is not economic in nature and does not substantially affect interstate commerce;" 3) "the statutory terms of SORNA make clear that the Act is not applicable to Mr. Miller because Alabama has yet to implement SORNA . . . [and] [t]o punish Mr. Miller for violation of an Act that is not yet applicable to him and with which he is unable to comply violates the *Ex Post Facto* Clause and the Due Process Clause of the Constitution;" 4) Defendant "had no duty to register under SORNA because the Government failed to give him notice of any such duty as required by the statute itself and the Due Process Clause;" 5) "Congress improperly delegated the legislative function of determining the retroactivity of SORNA to the Attorney General in violation of the non-delegation doctrine;" and 6) "the Attorney General's regulation, 28 C.F.R. § 72.3, which purportedly applies SORNA retroactively, violates the Administrative Procedure Act (APA), 5 U.S.C. § 553, as it was promulgated absent a 30-day notice and comment period." Def.'s Mot. To Dis. (Doc. #21) at 1-2.

## III.     ANALYSIS

Defendant concedes that many of the issues raised in his Motion were disposed of by

the Court of Appeals for the Eleventh Circuit's recent decision in *United States v. Ambert*, 561 F.3d 1202 (11th Cir. 2009), as well as recent decisions by this Court in *United States v. Dean*, Cr. No. 2:08-cr-50-WKW, *United States v. Johnston*, Cr. No. 2:08-cr-106-WHA, and *United States v. Bournes*, Cr. No. 08-cr-2-MHT. Def.'s Mot. To Dis. (Doc. #21) at 1. For clarity and convenience, to this gathering mountain of authority the undersigned adds this Court's even more recent cases *United States v. Harris*, Cr. No. 1:08-cr-211-MEF, and *United States v. Taylor*, Cr. No. 2:08-cr-161-MHT. Thus, while Defendant finds validation for his claims "in light of the favorable decisions on this issue from other district courts," Def.'s Mot. To Dis. (Doc. #21) at 1,[1] it is evident that his arguments have found no traction in this Court or the Eleventh Circuit Court of Appeals.

The Court further notes that there is little, if any, to distinguish Defendant's Motion to Dismiss from those already ruled upon by this Court in *Harris* and *Taylor*. Indeed, Defendant devotes very little effort to explaining any unique facts or circumstances in his case which render his "as-applied" arguments particularly availing. Thus, there is little reason for the Court to here regurgitate the detailed and well-reasoned analysis already rendered in this Court's pre-Ambert decisions in *Dean* and *Johnston*, as well as the Court's

---

[1] In his Motion, Defendant also references a then-pending petition for certiorari review in the Supreme Court of the United States, which, it is asserted, will likely settle the issues of SORNA's constitutionality. Def.'s Mot. To Dis. (Doc. #21) at 1 n.1. The Supreme Court has since denied the petition for certiorari review, leaving intact the Eighth Circuit's decision upholding the constitutionality of SORNA. *See Howell v. United States*, 129 S.Ct. 2812 (June 15, 2009).

3

post-*Ambert* decision in *Harris*, which was summarily adopted in *Taylor*. Accordingly, Defendant's Motion to Dismiss Indictment is due to be denied.

## IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss Indictment (Doc. #21) be DENIED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before August 10, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 27th day of July, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE