IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:09cr65-MHT |
| ISAAC MILLER | ) | (WO) |

OPINION AND ORDER

A federal grand jury for the Middle District of
Alabama indicted defendant Isaac Miller on one count of
failure to register as a sex offender in violation of 18
U.S.C. § 2250(a), the enforcement provision of the Sex
Offender and Registration Act (SORNA), 42 U.S.C. §§ 16901
et seq.  Miller entered a guilty plea before a magistrate
judge and was scheduled to be sentenced by this district
judge.  One business day prior to the sentencing hearing,
Miller filed a motion, pursuant to Fed. R. Crim. P.
12(b)(3)(B), to dismiss his indictment for failure to
state an offense.  At the sentencing hearing, Miller
added an oral motion, pursuant to Fed. R. Crim. P. 11(d),
to withdraw his guilty plea.  These motions are now

before the court.  For the reasons that follow, Miller's motion to withdraw his plea will be granted, but his motion to dismiss the indictment will be denied.[1]

## I.  BACKGROUND

The indictment in this criminal action alleges that, "ISAAC MILLER, defendant herein, being required to register under [SORNA], and having traveled in interstate commerce or foreign commerce, did knowingly fail to register and update a registration as required by [SORNA], in violation of Title 18, United States Code, Section 2250(a)."  Indictment (Doc. No. 12).  Miller was arraigned on this charge before a magistrate judge and initially entered a plea of not guilty.

---

1.  Miller also objects to a United States probation officer's recommendation that, pursuant to provisions of SORNA, see 42 U.S.C. 16911(2)-(3), he is properly classified as a Tier II, rather than Tier I, sex offender.  Because the court will grant Miller's motion to withdraw his guilty plea and because the court makes no finding as to whether Miller is a sex offender for the purposes of SORNA, the court does not reach this issue.

On the date of Miller's arraignment, the magistrate judge issued a written order which stated, among other things, that, "All pretrial motions under Fed. R. Crim. P. 12(b) ... must be filed no later than May 22, 2009." Order on Arraignment at 2 (Doc. No. 20). On May 22, Miller filed a motion, pursuant to Rule 12(b)(3)(B), seeking dismissal of the indictment on a number of grounds. The magistrate judge filed a report recommending that Miller's motion be denied. After reviewing the report and Miller's objections, the district judge adopted the report and denied Miller's motion. Jury selection and trial were set for September 21, 2009.

On September 9, "Miller, by and through ... counsel, ... notifie[d] the Court of his intent to change his previously entered plea of not guilty to guilty." Not. of Intent to Change Plea (Doc. No. 34). In his written notice, Miller explicitly "waive[d] his right to plead in front of a district judge and consent[ed] to do so before

3

a magistrate judge." Id.  The next day, Miller filed a

document stating that,

> "I, Isaac Miller, hereby declare my
> intention to enter a plea of guilty in
> the above case, and after conferring
> with my lawyer, I hereby consent to have
> a United States Magistrate Judge conduct
> the proceedings required by Rule 11 of
> the Federal Rules of Criminal Procedure
> incident to the making of such a plea
> and to adjudicate me guilty based on my
> plea of guilty.  I understand that the
> District Judge to whom this case is
> assigned will decide later whether to
> accept or reject any plea agreement I
> may have with the United States and will
> impose sentence."

Consent Form (Doc. No. 36) (emphasis added).  The

document was signed by Miller and defense counsel.  On

the same day the document was filed, Miller appeared

before a magistrate judge for a change-of-plea hearing.

During the hearing, the magistrate judge referred to

the above-quoted document, stating that, "I've got a

consent form which indicates your intention to plead

guilty and have myself conduct the proceedings as a

United States magistrate judge pursuant to Rule [E]leven

4

of the Federal Rules of Criminal Procedure incident to the taking of the plea to adjudicate you guilty based on your plea of guilty." Change of Plea Hr'g Trans. at 2:15-20 (Doc. No. 53). The magistrate judge then stated that the document "also says that you understand that the district judge to whom the case is assigned will decide later whether to accept the plea." Id. at 2:21-23 (emphasis added). Arguably reinforcing the notion that the district judge would ultimately accept Miller's plea, the magistrate judge later asked Miller if he "underst[ood] that by entering a plea of guilty, if the plea is accepted by the Court there will be no trial and you will have waived or given up your right to trial as well as your other rights associated with trial." Id. at 7:5-8.

After conducting a Fed. R. Crim. P. 11 colloquy, the magistrate judge found "that [Miller] is fully competent and capable of entering an informed plea, that [he] is aware of the nature of the charges and the consequences

5

of the plea, and that the plea of guilty is a knowing and
voluntary plea supported by an independent basis in fact
containing   each   of   the   essential   elements   of   the
offense." Id. at 9:12-17.[2]  The magistrate judge then
stated:  "The  plea  is  therefore  accepted,  and  the
defendant is now adjudged guilty of the offense." Id. at
9:17-18.

One business day prior to the sentencing hearing,
Miller filed a Fed. R. Crim. P. 12(b)(3)(B) motion to
dismiss the indictment for failure to state an offense.
When the court inquired about the timing of the filing,
defense counsel explained:  "[T]he claim raised in the
motion ... only became apparent as counsel was preparing
for Mr. Miller's sentencing hearing.  The filing was not

_____

    2.  Miller does not challenge the form or substance
of the colloquy, and thus the court does not review it
for error.  See United States v. Woodard, 387 F.3d 1329,
1334 (11th Cir. 2004) ("District judges do not actually
have to exercise de novo review of magistrate judges'
decisions ... unless an objection is made.").

6

timed for purposes of delay or to gain any unfair advantage." Def.'s Not. at 1 (Doc. No. 47).

At the sentencing hearing, Miller added an oral motion to withdraw his guilty plea. Defense counsel informed the court that, after "thoroughly" discussing with Miller the issue raised in the motion to dismiss and "the ramifications of withdrawing the plea, including sentencing ramifications," Miller "wishes to go forward with a trial." Sentencing Hr'g Trans. at 5:3-7 (Doc. No. 54).

The government objected to Miller's oral motion to withdraw his plea. The court continued Miller's sentencing and ordered the parties to submit briefs on the motion to withdraw the plea and the motion to dismiss the indictment.[3] The motions are now before the court.

_____

3. The court also ordered briefing on "the Tier I - Tier II sex-offender sentencing issue." Order (Doc. No. 52). For the reasons stated above, see supra note 1, the court does not address that issue here.

## II. DISCUSSION

### A.  Motion to Withdraw Guilty Plea

Fed. R. Crim. P. 11(d) states, in relevant part, that, "A defendant may withdraw a plea of guilty ... (1) before the court accepts the plea, for <u>any reason or no reason</u>; or (2) after the court accepts the plea, but before it imposes sentence if ... the defendant can show a <u>fair and just reason</u> for requesting the withdrawal." (Emphasis added.)  Miller contends that neither the magistrate judge nor the district judge has accepted his plea, and thus he may withdraw it for "any reason or no reason."[4]  Alternatively, he argues that he has a "fair

_____

4.  Miller also argues that a guilty plea "accepted" by a magistrate judge, even though acting on behalf and with the authority of the district court to accept pleas for the court, may be withdrawn for any reason without the formal imprimatur of a district judge, but this argument is foreclosed by <u>United States v. Woodard</u>, 387 F.3d 1329 (11th Cir. 2004).  In that case, the Eleventh Circuit Court of Appeals "addressed the issue of whether a magistrate judge has the authority to accept a defendant's guilty plea and adjudicate him guilty," <u>id</u>. at 1331, and answered the question in the affirmative, <u>id</u>. at 1331-34.  Although Miller is correct that the
(continued...)

and just reason" for requesting the withdrawal.  Because
the court agrees that Miller has offered a "fair and just
reason" for withdrawal, the court does not address
whether the magistrate judge accepted his plea.

"[A] defendant enjoys no absolute right to withdraw
a guilty plea before sentencing."  United States v.
McCarty, 99 F.3d 383, 385 (11th Cir. 1996).  Nonetheless,
"pre-sentence motions to withdraw should be liberally
construed," id., and "[t]he decision to allow withdrawal
is left to the sound discretion of the trial court,"
United States v. Buckley, 843 F.2d 469, 471 (11th Cir.

_____

(...continued)
Woodard court did not explicitly address "whether a
magistrate judge's 'acceptance' of the plea requires a
defendant moving to withdraw his plea to invoke Rule
11(d)(2)(B)," def.'s br. at 4 (Doc. No. 61), this
conclusion follows directly from that court's holding.
Otherwise, as the Fourth Circuit Court of Appeals has
explained: "In cases where a defendant withdraws his plea
for no reason, the proceedings before the magistrate
judge will have been rendered a nullity--a complete waste
of judicial resources.  In fact, making Rule 11 hearings
non-binding may encourage defendants to use magistrate-
led colloquies as go-throughs in order to gauge whether
they may later experience 'buyer's remorse.'"  United
States v. Benton, 523 F.3d 424, 432-33 (4th Cir. 2008)

9

1988).  "To determine whether the defendant has given a 'fair and just reason' for withdrawal, the district court examines the totality of the circumstances."  United States v. Cesal, 391 F.3d 1172, 1179 (11th Cir. 2004) (per curiam), vacated on other grounds, 545 U.S. 1101 (June 6, 2005), opinion reinstated, 2005 WL 1635303 (11th Cir. July 13, 2005).  This examination is guided by several factors, "including: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea."  Id. (citation and quotation marks omitted).

The court has serious concerns about whether Miller's plea was "knowing and voluntary."  As detailed above, the magistrate judge made statements during the change of plea hearing that indicated his guilty plea was contingent on acceptance by both the magistrate judge and the district judge.  The government attempts to downplay

10

the significance of these statements, arguing that "in
making [them] the Magistrate Judge was merely summarizing
[Miller's] statements contained in his written Consent
form." U.S. Br. at 12 (Doc. No. 62). But the court is
not convinced that the magistrate judge simply mis-spoke
or mis-read Miller's consent form.

The magistrate judge's statements, while made in
reference to the consent form and perhaps reflecting a
misunderstanding of the content of that form, must be
viewed against the backdrop of court practices before and
during the time Miller's plea was taken. In the not-too-
distant past, this court's official policy dictated that
magistrate judges would conduct a Rule 11 colloquy, but
only a district judge could formally accept a defendant's
guilty plea pursuant to Rule 11. While the court's policy
was changed before the appointment of this magistrate
judge--magistrate judges now formally accept guilty pleas
on behalf of the district judge and the court if a
defendant consents, and the district judge's later

11

acceptance is no longer necessary to comply with Rule 11--
it is apparent to the court that the magistrate judge was
essentially articulating the court's prior procedure.
Indeed, the court is aware that this recently appointed
magistrate judge routinely gave substantively identical
instructions to criminal defendants appearing before him
in other cases.[5]   Thus, it appears that the magistrate
judge intended to convey to Miller that he had the right,
pursuant to court practice (albeit an earlier and
abandoned one), to withdraw his plea until it was accepted
by a district judge.   Regardless of Miller's written
consent form, the magistrate judge's instructions were
significantly incorrect and, at the least, created serious
and substantial ambiguity where there should have been
none.

    While the magistrate judge's mistake constitutes a
"fair and just reason" for the plea withdrawal in this

_____

    5. The magistrate judge's misunderstanding was
understandable, for the court is unaware that any court
personnel brought the change to his attention.

**12**

case, the court has additional concerns about Miller's plea.  It is well-established that a guilty plea is not knowing and voluntary "if the defendant does not receive reasonably effective assistance of counsel in connection with the decision to plead guilty." McCoy v. Wainwright, 804 F.2d 1196, 1198 (11th Cir. 1986).  Prior to counseling a defendant on whether to plead guilty, counsel has "the responsibility to investigate potential defenses so that the defendant can make an informed decision." Id.  In Miller's case, as discussed above, defense counsel filed an eleventh-hour motion to dismiss Miller's indictment after counsel, in his words, "failed to quickly spot the potential problem in this case." Def.'s Br. at 7.

The record reflects that, after counsel fully discussed with Miller "the potential problem in this case" and despite warnings about the possible consequences of proceeding to trial, Miller moved the court to withdraw his plea.  Cf. Hill v. Lockhart, 474 U.S. 52, 59 (1985) ("In order to satisfy the 'prejudice' requirement [of the

13

test for ineffective assistance of counsel], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). And this is not a case in which a defendant simply had a change of heart following a re-examination of the evidence against him. United States v. Washington, 480 F.3d 309, 316 (5th Cir. 2007) (motion to withdraw plea was properly denied when the "only justification [offered] ... was that 'after due consideration of the ... relevant evidence ... [the defendant] sincerely believes that it was an error in his judgment to plead guilty'"). Rather, Miller now reasonably contends that he is innocent as a matter of law, raising a serious and substantial question of law. As Miller correctly points out, "the claim raised in [his dismissal] motion is an issue of first impression in this District and possibly the country." Def.'s Not. at 1. Like the magistrate judge's mistake during the Rule 11 colloquy, counsel's failure to identify and discuss with

14

his client a tenable argument for innocence as a matter of law further undermines that Miller's initial plea was knowing and voluntary.  These concerns are deepened by Miller's informed request to withdraw his plea.[6]

Miller also argues that if he "is not permitted to withdraw his plea, it is possible that there could be ... post-conviction litigation under 28 U.S.C. § 2255 where Mr. Miller could raise the issue of whether his present counsel was ineffective for not raising the issue[] contained in the ... motion to dismiss soon enough." Def.'s Br. at 7-8.  The court agrees that the issue raised "could be resolved by this court if Mr. Miller is allowed to withdraw his plea," id, thereby conserving judicial

_____

6.  The government argues that, "nowhere in the Defendant's brief does he assert, or even allude to, the notion that he would have refused to plead guilty and proceed to trial if he had been advised of the [issue raised in his motion to dismiss]." U.S. Br. at 14 (Doc. No. 62).  Given the fact that Miller moved to withdraw his plea after learning of the issue, the court is puzzled by this argument.

15

resources by addressing the issue now in one proceeding rather than later in a separate proceeding.

Significantly, the court finds little reason to deny the motion.  The court is not moved by the government's argument that substantial "judicial expenses would be incurred" if Miller were permitted to go to trial.  U.S. Br. at 15.  Nor is the court persuaded that the government will be prejudiced by a withdrawal because "a subsequent trial would potentially require the government to retry the facts of his Kansas conviction, [an offense] that occurred 15 years ago."  Id. at 15.  The government provides no evidence that the judicial cost is now higher, or its burden heavier, than it was just before Miller entered his guilty plea just four months ago.  Simply put, the cost of trial and the burden of establishing guilt are not alone sufficient to prevent the withdrawal of a guilty plea pursuant to Rule 11(d)(2)(B).  To conclude otherwise would reduce the rule to a nullity.

16

The court is sympathetic to the possibility that a trial in this case could "be particularly onerous on Mr. Miller's former victim." Id. at 15. But the difficulties victims face in testifying about traumatic events are, however unfortunately, often a necessary side-effect of our system of criminal justice. Moreover, this concern, while significant, is no more of a reason to deny Miller a trial now than it was just before he entered his plea.

Having examined the totality of the circumstances in this case, with special attention to the relevant factors, the court concludes that Miller has offered a "fair and just reason" to withdraw his guilty plea.  Thus, his motion to withdraw the plea will be granted.

### B.  Motion to Dismiss the Indictment

A party to a federal criminal action is permitted to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  Fed. R. Crim. P. 12(b)(2).  This procedural right is limited by the court's authority to

"set a deadline for the parties to make pretrial motions."
Fed. R. Crim. P. 12(C).  Nonetheless, "at any time while
the case is pending, the court may hear a claim that the
indictment or information fails ... to state an offense."
Fed. R. Crim. P. 12(b)(3)(B).

The magistrate judge ordered that all Rule 12(b)
motions in this criminal action be filed with the court
by May 22, 2009.  The instant motion was filed on December
30, more than seven months after the deadline.  Miller's
motion to dismiss, however, was filed pursuant to Rule
12(b)(3)(B) and asserts that the indictment fails to state
an offense.  Because the court may hear such a claim "at
any time while the case is pending," the motion is not
untimely.

"In ruling on a motion to dismiss for failure to
state an offense, a district court is limited to reviewing
the <u>face</u> of the indictment and, more specifically, the
<u>language used</u> to charge the crimes."  <u>United States v.
Sharpe</u>, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in

18

original).   "For an indictment to be valid, it must
contain the elements of the offense intended to be
charged, and sufficiently apprise the defendant of what
he must be prepared to meet."   Id. (citation and
quotation marks omitted).   "[A]n indictment parroting the
language of a federal criminal statute is often
sufficient."   United States v. Resendiz-Ponce, 549 U.S.
102, 109 (2007); see also United States v. Critzer, 951
F.2d 306, 307 (11th Cir. 1992) (per curiam) ("The
indictment is sufficient if it charges in the language of
the statute.").

Miller does not, and cannot, contend that the
indictment fails to allege the elements of the offense.
18 U.S.C. § 2250(a) states, in relevant part, that,
"Whoever--(1) is required to register under [SORNA]; (2)
... travels in interstate or foreign commerce ... ; and
(3) knowingly fails to register or update a registration
as required by [SORNA]; shall be fined under this title
or imprisoned not more than 10 years, or both."  Miller's

indictment, quoted above, appropriately tracks the language of the statute.

Nor does Miller assert that the indictment lacks detail sufficient to "apprise [him] of what he must be prepared to meet." Sharpe, 438 F.3d at 1263. Even if he had taken this position, the court would have been obligated to inform him that "[i]t is not necessary for an indictment ... to allege in detail the factual proof that will be relied upon to support the charges." Id. at 1263 n.3. Indeed, if information beyond that provided in the indictment is "essential to the defense, [it] can be obtained by a motion for a bill of particulars." Id.

What Miller does argue is that "the indictment does not state an offense because Mr. Miller does not meet Congress' definition of a 'sex offender.'" Mot. to Dismiss at 1 (Doc. No. 45). As indicated by the language of the statute, and as charged in the indictment, one element of a § 2250(a) violation is that the charged defendant is "required to register under [SORNA]." A

20

person is so required if he or she is a "sex offender," 42 U.S.C. § 16913, defined as "an individual who was convicted of a sex offense," 42 U.S.C. § 16911(1). While SORNA defines "sex offense" expansively, it states that, "An offense involving consensual sexual conduct is <u>not a sex offense</u> for the purpose of this title if ... the victim was at least 13 years old and the offender was not more than 4 years older than the victim." 42 U.S.C. § 16911(5)(C) (emphasis added).

Miller concedes (at least for the purpose of this motion) that he was previously convicted of an offense for which "he is required to register as a 'sex offender' in the state of Kansas." Mot. to Dismiss at 1. He contends, however, that the victim of that offense was at least 13 years old; that he was not more than four years older than the victim; and that "neither the statute nor the charging instrument include an element of 'non-consent' (force)." Def.'s Br. at 10. Miller maintains that he has thus established that his Kansas offense is excepted from

SORNA's definition of "sex offense" by 42 U.S.C. § 16911(5)(C) and that he is not a sex offender under SORNA. Therefore, according to Miller, the federal indictment fails to state an offense.

Given the nature of Miller's argument, the court must conclude he does not establish, or even properly allege, that the indictment fails to state an offense. Rather, Miller's argument appears to be that he cannot be <u>convicted</u> of violating § 2250(a) because he is not required to register as a sex offender. It is now well-established that, at this stage of a criminal action, the court may not "look[] beyond the face of the indictment and rul[e] on the merits of the charges against [a defendant]." <u>United States v. Salman</u>, 378 F.3d 1266, 1267 (11th Cir. 2004). As the Eleventh Circuit Court of Appeals has explained: "There is no summary judgment procedure in criminal cases." <u>Id</u>. (citation omitted).

This court recognizes that other federal circuits have indicated that "'the propriety of granting a motion

to dismiss an indictment under [Rule] 12 by pre-trial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact,'" Flores, 404 F.3d at 324 (quoting United States v. Korn, 557 F.2d 1089, 1090 (5th Cir. 1977)), and have commented that, "Only the Eleventh Circuit has held that even where there are undisputed facts a district court may not engage in a pretrial determination of the sufficiency of the evidence." United States v. Yakou, 428 F.3d 241, 247 (D.C. Cir. 2005). Those other circuits hold that, "If a question of law is involved then consideration of the motion is generally proper." Flores, 404 F.3d at 324. (citation and quotation marks omitted); Yakou, 428 F.3d at 247 (noting that the court had previously "upheld a pretrial dismissal of counts of an indictment based on a question of law"). A preliminary examination of Miller's argument, however, suggests that, even under a more permissive procedural rule, his motion is due to be denied.

23

Miller invites the court to take a 'categorical approach' to determining whether, for the purposes of § 16911(5)(C), his Kansas offense is one "involving consensual sexual conduct." Under a categorical approach, the "court [would] look only to the fact of conviction and the statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602 (1990). Section 16911(5)(C)'s reference to "conduct," however, "suggest[s] ... that ... it is the underlying 'conduct,' not the elements of the [prior] conviction, that matter." United States v. Mi Kyung Byun, 539 F.3d 982, 992 (9th Cir. 2008) (interpreting 42 U.S.C. § 16911(7)(I)). Thus, the statutory language is difficult to square with Miller's contention that Congress intended that courts take a categorical approach to their application of § 16911(5)(C).

If the categorical approach is rejected, the court is inclined to agree with the government that, "What Miller has identified in his current Motion is [not a question

24

of law, but] a genuine issue of fact regarding the first element of the [charged] offense." U.S. Reply to Mot. at 3 (Doc. No. 49). Of course, factual disputes regarding an element of a crime are to be resolved at trial, not through Rule 12 motions.

To be sure, the Eleventh Circuit has said that, "where the defendant has waived his right to a jury and consented to a bench trial, the trial court may accept proffers of evidence as though taken at a formal trial." Salman, 378 F.3d at 1267 n.3. "Under those circumstances, if the evidence is insufficient to support a conviction, the judge may dismiss the indictment or enter a judgment of acquittal." Id. But this case is still at the pre-trial stage and there has been no waiver of a jury. More importantly, Miller's motion argues only that the indictment fails to state an offense. As explained above, in the Eleventh Circuit, "[t]he sufficiency of a criminal indictment is determined from its face [and it] is sufficient if it charges in the language of the statute."

25

Id. at 1268 (citation omitted).  Because the indictment charges in the language of the statute, Miller's motion to dismiss for failure to state an offense must be denied.

* *

For the foregoing reasons, it is ORDERED that defendant Isaac Miller's oral motion to withdraw his guilty plea is granted and his motion to dismiss the indictment for failure to state an offense (Doc. No. 45) is denied.  This case will now proceed to jury trial.

DONE, this the 22nd day of February, 2010.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE